BOOTH, Judge.
This cause is before us on appeal from a final order in a workers’ compensation case, finding claimant’s current condition unrelated to a prior work injury, and denying a claim for payment of past medical expenses, future medical care including surgery, interest, costs, and attorney fees.
The record reflects that claimant is a 41-year-old man who has worked in construction or other heavy labor for his entire life. Prior to the injury sub judice, claimant suffered at least 12 compensable, work-related injuries. In November, 1984, claimant tripped on a dowel while carrying 200 to 300 pounds of iron on his right shoulder. He tried unsuccessfully to control the metal, and as it fell, it pulled his right arm into an outstretched position. Claimant heard a popping sound, had immediate severe pain, and required treatment, including immobilization of his arm in a sling. Xrays showed advanced preexisting degenerative arthritis to the elbow. Due to the severity of the arthritis, the treating physician thought claimant had experienced symptoms before the injury, though he also said he was not sure and that xrays did not correlate well with symptoms. Claimant testified that he had no earlier injury to the elbow and that he had experienced no prior elbow pain other than routine aches and pains due to the heavy physical nature of his work.
Claimant discontinued treatment within three weeks of the subject accident but testified he has had chronic pain and swelling since the accident. After his employer objected to claimant’s use of the prescribed arm sling, claimant stopped wearing it at work, and in August 1986, the pain forced claimant to seek new treatment. A new physician recommended surgery, and claimant filed for benefits.
The deputy commissioner believed the subject accident aggravated the elbow, but found that the aggravation was temporary and that there was no causal connection between the November, 1984 accident and claimant’s current condition. Claimant’s position was that the accident aggravated an asymptomatic arthritic condition so that it became symptomatic, resulting in a permanent impairment. On appeal, claimant contends that the evidence demonstrated a causal connection, and no competent, substantial evidence supports a finding to the contrary. We agree and reverse.
Claimant’s testimony was that he had experienced no symptoms in his elbow prior to the injury. The only evidence to the contrary was the testimony of Dr. Smith, a treating physician, who stated that the severity of the arthritis made symptoms likely. However, that doctor further stated that he was not certain and that xrays were not particularly good indicators of symptoms. Careful review of this doctor’s testimony shows it did not controvert claimant’s. It does not constitute competent, substantial evidence that claimant experienced prior symptoms.
Claimant presented the expert testimony of Dr. Green, an orthopedic surgeon, linking the injury to his current problems. But the deputy rejected that expert’s testimony based on the deputy’s findings that claimant: (1) soon returned to heavy construction work, (2) voluntarily discontinued care and did not seek treatment again until mid-1986, and (3) had a significant increase in elbow pain after a non-work injury in May, *852 1985.[1] The record reveals, however, that findings (1) and (3) are not supported by the evidence and that (2) is not a valid basis for denial of compensability.
As to (1), supra, although claimant did return to work after the accident, there is no competent, substantial evidence that he was able to do the same “heavy construction work” he had earlier. The evidence is that he wore a sling until his employer ordered him to remove it, predominantly used his left arm and shoulder, and was discharged when the job ended within three weeks of his return. The record further shows that claimant has worked in progressively less physically demanding jobs since the conclusion of his employment with Rogers and Ford Construction Company.
As to (2), supra, claimant discontinued treatment soon after the November 1984 injury, but his explanation, concerning the doctor mixing up his chart with that of another patient, among other things, and claimant’s belief that he was not entitled to another doctor, negated the significance of that fact and did not raise the inference of no injury. The deputy related and apparently accepted the explanation that claimant lost confidence in the authorized physician and also found in the order that “claimant apparently had attempted to return to see Dr. Smith shortly before he went to Dr. Green, but the servicing agent apparently would not authorize any further care by Dr. Smith for this elbow problem.” The fact that claimant stopped treatment did not, under these circumstances, raise inferences defeating the claim.
Finally, as to (3), the record contains no competent, substantial evidence that claimant’s May 1985, nonwork accident injured his elbow or caused any increase in right elbow pain. The deputy found:
The claimant also had another accident around May of 1985 while chasing raccoons in the woods. From his description of this accident, I believe that he tripped and fell partially on his right hand and forearm, but it seems to me that he would have necessarily struck his elbow on the ground in this kind of a fall.
The deputy, further, inferred such an injury from claimant’s failure to report pain in the elbow during his subsequent treatment for a shoulder injury. In January 1985, two months after the instant work injury, claimant was still being treated for a September 1984 shoulder injury. Claimant testified he did not mention his elbow in his visit to the doctor in January 1985, because he wanted to avoid elbow surgery and the resulting income loss. The May 1985 injury made shoulder surgery inevitable, and there was no longer any reason for claimant to avoid treatment for the elbow condition. Yet claimant did not complain of a new elbow injury in May 1985. This explanation, coupled with the medical evidence of injury and the deputy’s finding that claimant was a credible witness, should have carried the day and overcome any inference arising from claimant’s failure to complain while being treated for shoulder problems.
Accordingly, this cause is REVERSED and REMANDED to the deputy commissioner with directions to enter an order awarding claimant payment of past and future medical bills for treatment of his elbow, plus interest, costs, and attorney fees.
WIGGINTON and BARFIELD, JJ., concur.

. Deputy’s order:
I am particularly convinced in this regard because of the fact that the claimant did return to heavy construction work following this accident, the fact that the claimant voluntarily discontinued care with Dr. Smith and did not seek any other medical care for this elbow until the spring or summer of 1986, even though he was already being treated by Dr. Sandall for a right shoulder problem, and the fact that the claimant’s significant increase in right elbow pain seemed to occur within a very short time after the May 1985 trip and fall.